UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALONZO JOHNSON,
    Plaintiff,

vs.

OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION, et al.,
    Defendants.

Case No. 1:19-cv-619

Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff has filed a motion for leave to proceed *in forma pauperis* in connection with a prisoner civil rights complaint. (Doc. 1). On August 6, 2019, the undersigned issued a Report and Recommendation, finding that plaintiff is prohibited by § 1915(g) from proceeding *in forma pauperis* in this case because at least three prior complaints filed by him while he has been a prisoner were dismissed with prejudice for failure to state a claim upon which relief may be granted. (*See* Doc. 2). It was recommended that plaintiff be ordered to pay the full filing fee required to commence this action within thirty (30) days. (*Id.*). By Order issued on October 8, 2019, the Court adopted the Report and Recommendation. (Doc. 3).

Plaintiff has now filed a motion which the undersigned construes as a motion for reconsideration. (Doc. 5). Plaintiff has provided the Court with a copy of a motion and affidavit of indigency he filed with the United States Supreme Court and asks this Court to "consider the motion and base a judgment on that." (*See id.* at PageID 37).

As a general rule, motions for reconsideration are not favored unless the movant demonstrates: "(1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *Meekison v. Ohio Dep't. of Rehab. and Corr.*, 181 F.R.D. 571, 572 (S.D. Ohio 1998) (citing *Harsco Corp. v.*

*Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985)).

In this case, there is no intervening change of controlling law, nor has plaintiff submitted new evidence or intervening authority. As noted in the August 6, 2019 Report and Recommendation, plaintiff has had three or more cases dismissed with prejudice for failure to state a claim upon which relief may be granted. *See Johnson v. United States,* Case No. 1:11-cv-208 (Beckwith, J.; Wehrman, M.J) (S.D. Ohio May 18, 2011) (Doc. 5, 7, 8); *Johnson v. State of Ohio,* Case No. 2:09-cv-794 (Economus, J.; King, M.J.) (S.D. Ohio Sept. 22, 2010) (Doc. 10, 11); *Johnson v. State of Ohio,* Case No. 1:07-cv-112 (Beckwith, J.; Black, M.J.) (S.D. Ohio Mar. 26, 2007) (Doc. 8, 9); *Johnson v. State of Ohio,* Case No. 1:05-cv-695 (Dlott, J.; Hogan, M.J.) (S.D. Ohio Nov. 21, 2005) (Doc. 6). Furthermore, because plaintiff has failed to allege particular facts showing any immediate or impending serious physical injury in existence at the time he commenced this action, he does not meet the exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

Consistent with the August 6, 2019 Report and Recommendation, adopted by the Court on October 8, 2019, it is recommended that plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) be **DENIED** and plaintiff be ordered to pay the full $400 fee ($350 filing fee plus $50 administrative fee) required to commence this action within thirty (30) days. *See In re Alea,* 286 F.3d 378, 382 (6th Cir. 2002). Plaintiff's motion (Doc. 5), construed by the Court as a motion for reconsideration, should also be **DENIED**.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) and motion for reconsideration (Doc. 5) be **DENIED**.

2

2. Plaintiff be ordered to pay the full $400 fee ($350 filing fee plus $50 administrative fee) required to commence this action within thirty (30) days, and that plaintiff be notified that his failure to pay the full $400 fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 12/6/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALONZO JOHNSON, R.,
    Plaintiff,

vs.

OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION, et al.,
    Defendants.

Case No. 1:19-cv-619

Black, J.
Litkovitz, M.J.

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).